PEOPLE *v.* BARRETTE.

1. WITNESSES—PARTY RAISING COLLATERAL ISSUE BOUND BY AN-
SWER.
   A party who raises collateral issues, in his examination
   of a witness, is bound by the answers given.[1]

2. CRIMINAL LAW—EVIDENCE—WITNESSES MAY NOT BE IMPEACHED
ON COLLATERAL ISSUE.
   In a prosecution for the illegal sale of moonshine whisky,
   where, on cross-examination, a witness for the people
   denied having made sales of liquor to different people,
   the trial court was not in error in excluding testimony,
   offered for the purpose of impeaching him, that he had
   made such sales.[2]

3. SAME—TRIAL—REQUESTS TO CHARGE.
   A request to charge, which contained a long recital of
   claims which find no support in the testimony, was prop-
   erly refused by the trial judge.[3]

4. SAME—REQUEST TO CHARGE COVERED BY CHARGE AS GIVEN PROP-
ERLY REFUSED.
   The trial court did not err in refusing to give defend-
   ant's request to charge as to the value of evidence of good
   character, where the charge as given, as far as it went,
   correctly stated the law and covered in substance the
   proffered request.[4]

5. SAME—TRIAL—INSTRUCTIONS AS TO REASONABLE DOUBT CORRECT.
   An instruction in regard to reasonable doubt, which is a
   plain and sensible statement of the rule frequently ap-
   proved by the Supreme Court, is not open to objection.[5]

Exceptions before judgment from Cheboygan; Shep-
herd (Frank), J.    Submitted January 14, 1926.
(Docket No. 149.)    Decided March 20, 1926.

William Barrette was convicted of violating the
liquor law.    Affirmed.

[1]Witnesses, 40 Cyc. p. 2771; [2]Criminal Law, 16 C. J. § 2189;
[3]Id., 16 C. J. § 2485; [4]Id., 16 C. J. § 2506; [5]Id., 16 C. J. § 2398.

*L. G. Dafoe,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Ward I. Waller,* Prosecuting Attorney, for the people.

MCDONALD, J. The defendant was convicted under an information which charges that on the 31st day of March, 1924, at the city of Cheboygan, Michigan, he sold moonshine whisky to one Oliver H. Kelley. Mr. Kelley was employed by the sheriff of Cheboygan county to secure evidence against those suspected of violating the prohibitory liquor law. The people's proof tends to show that on the evening of March 31, 1924, by appointment, Kelley went to the sheriff's office; that he was searched by the sheriff and his deputy, who found no liquor in his possession; that he was then given a quart container and a $10 bill; that he went out followed by the deputy sheriff, who kept him in view until he had entered the defendant's business place; that he asked for moonshine whisky and was given the container half full, for which he paid the defendant $1, giving him a $10 bill, and receiving a $5 bill and four $1 bills in change; that Kelley then took the whisky away with him and delivered it to the deputy sheriff. The defendant admitted that Kelley was in his place of business and bought a box of matches, but denied that he sold or gave him any liquor. The case is in this court on exceptions before sentence.

The record presents the following questions:

(1) Did the court err in refusing to allow the defendant to introduce evidence tending to show that the witness Kelley had sold liquor on various occasions to different people in Cheboygan, and that he was engaged in the moonshine business?

When Kelley was upon the witness stand the court permitted counsel for the defendant to fully interrogate him on cross-examination in regard to specific

sales of liquor to several different people.  He denied having made any such sales.  When counsel offered by various witnesses to impeach him the court held that the subject-matter of the testimony was collateral to the issue and that the negative answers of the witness Kelley were conclusive.  The record shows that this testimony was offered solely for impeachment. At least, if counsel had any other purpose it was not disclosed to the court.  The rule that a party who raises collateral issues in his examination of a witness is bound by the answers given, has been so long settled that it is not necessary to cite authorities in support thereof.  The court did not err in excluding the testimony.

(2) Did the court err in refusing to submit defendant's request to charge as to the consideration to be given by the jury of conditions and circumstances, which, it was claimed, gave Kelley an opportunity to plant a container in a snow bank and from it fill the one he received from the sheriff with whisky that he did not obtain from the defendant?

This request contains a long recital of claims which find no support in the testimony.  The court properly refused to submit it to the jury.

(3) Did the court err in refusing to give defendant's request to charge as to the value of evidence of good character?

On this question the court charged the jury as follows:

"You are to consider the good character testimony given in behalf of the defendant; whether or not a man of that character, which you believe he maintained in this community, as ascertained by the testimony of the witnesses, whether or not a man of that character would be liable to engage in the illegal sale of intoxicating liquors.  The evidence of character is always allowed in every criminal case.  If it was sufficient to raise a reasonable doubt in your mind as to whether

or not he is guilty, you are to give him the benefit of that doubt."

This charge, as far as it went, correctly stated the law and fully covered in substance the request proffered by counsel for the defendant.

4. Complaint is made of the instruction in regard to reasonable doubt. The court charged the jury as follows:

"A reasonable doubt means just what it says. There are but few matters in human affairs that are susceptible of absolute proof. Proof in two cases will hardly ever be of the same degree of strength. The matter is submitted to you and you say: 'I have a doubt whether or not that proposition has been proven. I have a doubt'—It may be a mere passing doubt—it may be a frivolous doubt—it may amount to a bare possibility—That would not, probably, be a reasonable doubt. But if you say, after examining your mind, that: 'I have a doubt, and it is a doubt based upon reason and common sense,' that is the kind of a doubt that you are to give the defendant the benefit of, if you have it."

The charge as given on this question is a plain and sensible statement of the rule which we have frequently approved.

We have considered all other questions presented by this record but they are not of sufficient merit to require discussion. The defendant had a fair trial. The issue was presented to the jury by the court in a clear charge that protected the defendant in every right to which he was legally entitled. We find no reversible error.

The judgment of conviction is affirmed. The case will be remanded for such further disposition as to the circuit judge may seem proper.

Bird, C. J., and Sharpe, Snow, Steere, Fellows, Wiest, and Clark, JJ., concurred.